UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-CV-320 |
| ) | |
| $18,480.00 U.S. CURRENCY SEIZED ) | |
| FROM EL A. WILLIS ON ) | |
| FEBRUARY 10, 2014 ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendant, El A. Willis, moves this Court to dismiss the plaintiff's complaint on the ground that the complaint fails to state a claim upon which relief may be granted.

## FACTUAL BACKGROUND

On February 10, 2014, a traffic stop was conducted because the vehicle made a lane change without executing a turn signal. Ms. Shonta Wilson was driving the vehicle on a suspended license, which she immediately informed the officer of. Mr. El Willis had rented the car and provided valid identification to the officer. Ms. Wilson stated that they were traveling to Chattanooga, but Mr. Willis stated that they were actually going to Atlanta instead for Mr. Willis' music projects. The couple's primary vehicle needed repairs so they rented the car for an extended period of time. The officer found that both Mr. Willis and Ms. Wilson had criminal histories and conducted a search of the couple. While searching Mr. Willis, the officer found a

1

currency bag on him with ultimately $18,480.00 in currency in the bag. Mr. Willis was traveling with this money to Atlanta for the purpose of conducting music deals. Marijuana residue was found in the car and the money smelled marijuana with a drug-sniffing dog alerting the officers to the car and money. The money was forfeited as money from drug related activity per the Controlled Substances Act and the instant proceedings were commenced.

## LAW AND ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." The Supreme Court held in one seminal case that the often "questioned, criticized, and explained away" language from its prior decision in *Conley v. Gibson*, 255 U.S. 41 (1957), "has earned its retirement" "after puzzling the profession for 50 years." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007). *Conley* held that motions to dismiss under Rule 12(b)(6) should only be granted if there are "no set of facts" that could be proven to support relief. *Twombly*, 550 U.S. at 561-63. Instead, the Court made clear in *Twombly* that Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Without requiring at the very least facial plausibility, "claim[s] would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 561.

The Supreme Court later clarified that the *Twombly* plausibility pleadings standard applies to "all civil actions." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S.

at 556). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting *Twombly*, 550 U.S. at 555, 557). In short, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

For probable cause without a search warrant, the facts and circumstances at hand must be sufficient to warrant a prudent person or one of reasonable caution to believe the circumstances show that the suspects committed an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). The Sixth Circuit has held that the value of a narcotics dog's alert is minimal when the dog alerts to money because it has been noted in many cases that the rate of currency contamination from narcotics is as high as 96% of all money in circulation. *United States v. $5000 in United States Currency*, 40 F.3d 846, 849 (6th Cir. 1994). In that case, the Court found there was no probable cause to seize the money of two men at the airport. *Id.* at 848. Standing alone, the Court stated that carrying $15,000-$20,000 in cash does not justify more than a mere suspicion of illegal activity as currency is not contraband. *Id.* at 850. Furthermore, the Court stated that an evasive statement made to police regarding the currency may indicate possible criminal activity, but the statements arouse, at best, only unparticularized suspicion, which is not enough for probable cause. *Id.* The defendant's prior drug charges also were not indicative of probable cause because "a man's debt to society cannot be of infinite duration." *Id.* When evaluating probable cause based on the facts, the Court held that the evidence must be aggregated together and that when taking all of the evidence together there still was not enough evidence for probable cause. *Id.* at 848.

3

A separate Sixth Circuit case also evaluated this standard and found there was not probable cause to seize the man's money because the man fully cooperated with police. *United States v. $30,000.00 in United States Currency*, 30 Fed. Appx. 473 (6th Cir. 2002). This case involved money seized from two individuals traveling together when large amounts of money was found on them. *Id.* One man gave his own name, identification and acknowledged that he had a large amount of money on him. *Id.* at 476. The other man gave a false name and put his money where it would not be easily stolen, but this was a basis only for mere suspicion and there was nothing specifically tying this man to the drug trade. *Id.* Therefore, the Court held that the money was improperly seized because there was nothing tying either man to drugs or illicit activity even if their actions gave rise to some suspicions. *Id.*

Probable cause was found in one case where a man refused to cooperate with police and matched the description of the drug courier provided by a confidential informant. *United States v. $23,000.00 in United States Currency*, 1995 U.S. App. LEXIS 11615, *2-3 (6th Cir. 1995). The man also refused to cooperate with police and refused to provide identification, which warranted the officer's suspicion and gave rise to probable cause. *Id.*

When looking at the facts at hand, the case against the Defendant should be dismissed because there is nothing more than mere suspicion. Under the *Twombly-Iqbal* standard, there needs to be more than mere suspicion to survive a motion to dismiss, which is not present in this case. The *$5,000.00 in United States Currency* case highlights the fact that traveling with a large sum of money is not enough to show illegal activity. *$5,000.00 in United States Currency*, 40 F.3d at 850. Mr. Willis cooperated with the police by answering their questions about where he was going and how he came into possession of the money. Even if his statements can be
4

construed as evasive, this is not enough for probable cause because at best this only arises unparticularized suspicion. *Id.*

Furthermore, the narcotics dog's alert to Mr. Willis' money is not enough for probable cause given prior case law. The *$5000.00 in United States Currency* case highlighted the various evidence that exists showing the large percentage of currency that has been contaminated from drug residue. *Id.* Therefore, the dog's positive alert to the money is not enough to establish probable cause, especially since the dog alerted to the money after the money was already seized. Mr. Willis' drug charges were also in the past and are not of probative value because as stated by the Sixth Circuit, "a man's debt to society cannot be of infinite duration." *Id.*

Mr. Willis fully cooperated with the officers, which is in direct contrast to the *$23,000.00 in United States Currency* case. Mr. Willis immediately provided his identification and stated that the money was his, not Ms. Wilson. Furthermore, Ms. Wilson was the reason why the car was stopped in the first place, but the money that was seized did not belong to her so her actions did not give the police officer's probable cause to seize the money of Mr. Willis.

## CONCLUSION

From the facts and case law highlighted above, there is nothing tying Mr. Willis or his money to drugs or the drug trade. Therefore, the Defendant requests this honorable Court to grant the Defendant's Motion to Dismiss and order the seized funds returned.

Respectfully submitted the 12th day of August, 2014.

                                                                  s/A. Philip Lomonaco
                                                                A. Philip Lomonaco, BPR# 011579
                                                                800 S. Gay Street, Suite 1950
                                                                Knoxville, TN 37929
                                                                865-521-7422

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

s/A. Philip Lomonaco
A. Philip Lomonaco BPR# 011579