UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:14-CV-320 |
| v. ) | |
| ) | Judge Shirley |
| $18,480.00 U.S. CURRENCY SEIZED FROM ) | |
| EL A. WILLIS ON FEBRUARY 10, 2014, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

The United States of America, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, has moved pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule 12(c) of the Federal Rules of Civil Procedure, and E.D. TN. LR 7.1, to strike the Motion to Dismiss (Doc. 7) filed by El A. Willis ("Willis") as to the $18,480.00 in U.S. Currency seized from Willis on February 10, 2014 ("defendant property") for lack of statutory standing. Willis has not filed a claim and thus, has failed to establish standing to contest the forfeiture. Pursuant to Rule G(5)(b), Willis' claim was due on August 26, 2014, 35 days after the notice was sent. Willis was informed of the statutory requirements of Rule G(5). Notwithstanding the foregoing, Willis still has not filed a claim, and thus has no statutory standing. *See United States v. Thirty-Five Firearms,* 123 Fed. App'x 204 (6th Cir. 2005). As set forth further below, the motion should be stricken.

### A. STATEMENT OF FACTS

On July 14, 2014, the United States of America filed a Verified Complaint *In Rem* against:

> $18,480.00 U.S. CURRENCY SEIZED FROM EL A. WILLIS ON
> FEBRUARY 10, 2014.

(hereinafter "the defendant property") (Doc. 1, Complaint).

The Complaint seeks forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(6).

On July 22, 2014, Willis was served, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem* (Doc. 1), Notice of Complaint For Forfeiture (Doc. 2), and Warrant for Arrest *In Rem*. Willis received and signed for this mailing on or about August 6, 2014. Further on July 22, 2014, Willis' attorney, A. Phillip Lomonaco, was served, via certified mail, return receipt, with a copy of the Verified Complaint In Rem, and Notice of Complaint For Forfeiture. Willis' attorney also received and signed for this mailing on or about July 28, 2014. The Notice advised Willis of the necessity of filing both a claim *and* an answer and the time periods for doing so:

> All persons asserting an interest in or claim against the defendant property and who have received direct notice of the forfeiture action must file a verified claim with the Clerk of this Court . . . no later than thirty-five (35) days after the *notice is sent*; . . . In addition, within 21 days after filing the Verified Claim you must file an Answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.
>
> If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

(Doc. 2, Notice of Civil Complaint, pg. 2).

### B. PROCEDURAL REQUIREMENTS FOR A CLAIM UNDER RULE G

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs this action for forfeiture of the defendant property identified in the verified complaint and seized on February 20, 2014.

Subsection (5) of Rule G sets forth the requirements for a person filing a claim against seized property, in pertinent part, as follows:

2

> (a) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>     (A) identify the specific property claimed;
>     (B) identify the claimant and state the claimant's interest in the property;
>     (C) be signed by the claimant under penalty of perjury; and
>     (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Rule G(5)(A)(i).

Rule G(5) also sets out the deadlines for the submission of a claim under Rule G(5)(A)(i). Rule G(5)(b) sets forth an additional requirement that any claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days *after* filing a claim.

### C. FILINGS IN THIS CASE UNDER RULE G AND RULE 12

A written notice of civil forfeiture against the defendant property with a copy of the Verified Complaint *In Rem*, Notice of Complaint for Forfeiture, and Warrant for Arrest *In Rem*, pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (Supplemental Rule G), including that any claim must be filed under penalty of perjury and that any person filing a claim must also file and serve an answer within 21 days of filing a claim (*Id.*) was sent on July 22, 2014 via certified mail as follows:

    (a)    El A. Willis, received by certified mail on or about August 6, 2014;

    (b)    El A. Willis, c/o attorney A. Phillip Lomonaco received by certified mail on or about July 28, 2014;

A U.S. Marshals Service Form USM-285 Process Receipt and Return was filed with the clerk of this court for service upon El A. Willis c/o attorney A. Phillip Lomonaco on July 30, 2014 (Doc. 4) and for service upon El A. Willis on August 7, 2014 (Doc. 5).

3

The United States also published notice of the forfeiture action under Rule G(4)(a)(iv)(A) beginning on July 16, 2014 and ending on August 14, 2014. A Declaration of Publication was filed with the clerk of this court on August 29, 2014 (Doc. 11). Thus, the latest date permitted under Rule G(5) for anyone asserting claim is September 14, 2014; however, because Willis received direct notice, the deadline for Willis to file a claim was August 26, 2014. *See* Rule G(5)(a)(ii).

Willis has failed to assert any claim. Rather, Willis filed a Rule 12 Motion to Dismiss without first asserting a claim or filing an answer.

### D. ARGUMENT

<u>Willis has no statutory standing to contest the forfeiture because he failed to file a claim.</u>

This is a civil asset forfeiture action. In such an action, the United States is the plaintiff, the property is the defendant and the claimant is an intervener seeking to challenge the forfeiture of the defendant property. *See Via Mat Int'l S. America, Ltd. v. United States*, 446 F.3d 1258, 1264 (11th Cir. 2006) (explaining that a civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the property). As an intervener, the claimant must establish the threshold issue of standing to contest the forfeiture. *Id.* at 1261 (explaining that standing is "the threshold question in every federal case, determining the power of the court to entertain the suit") (quoting *Warth v. Seldin*, 442 U.S. 490, 498 (1975)).

A claim forces the person contesting the forfeiture to swear that he has an interest in the property. *See United States v. U.S. Currency in the Sum of $261,480*, No. 00-cv-3028, 2002 WL 827420, at *1 fn.3 (E.D.N.Y. May 2, 2002). Requiring strict compliance with the mandates of Rule G(5) ensures that the Government is provided with timely notice of a claimant's interest in contesting the forfeiture, and to deter the filing of false claims. *United States v. One 2003 Chevrolet Suburban*, 2011 WL 4543471, *1-2 (M.D. Ga. Sept. 29, 2011); *United States v.*

4

*Approximately Twenty Mexican Gold Coins*, 2009 WL 1870892, *1 (D. Kan. June 29, 2009); *United States v. Land & Buildings . . . 99 Sheffield Road*, 2006 WL 827809, *4 (D.N.H. 2006) (explaining that the purpose of the filing deadline is to give the Government the opportunity to know the nature of the interest in the property at the outset of the forfeiture action and to commence discovery, in accordance with Supplemental Rule G(6), to verify that interest; collecting cases)).

In the instant action, it is uncontested that Willis has not timely filed a claim in the action. The failure to do so requires that his Rule 12 motion be stricken.

A forfeiture action *in rem* arising from a federal statute is governed by Rule G. *See* Fed. R. Civ. P. Supp. R. G(1). Rule G(5) sets forth the requirements for filing a timely claim and answer. The courts require "strict compliance" with those requirements, and hold that a claimant who fails to comply lacks statutory standing to contest the forfeiture action. *See*, *e.g, United States v. $12,126.00 in U.S. Currency*, 337 Fed. App'x 818, 820 (11th Cir. 2009); *United States v. $14,132.00 in U.S. Currency*, 2011 WL 3235720, *1 (D. Col. July 28, 2011); *United States v. $27,601.00 in U.S. Currency*, 800 F. Supp. 2d 465, 467 (W.D. N.Y. 2011) (collecting cases).

Likewise, courts have found consistently that filing an answer or motion to dismiss without filing a claim is grounds to strike the motion to dismiss. *See United States v. $5,565.00 in U.S. Currency*, 2010 WL 4222047 (D. Col. Oct. 20, 2010) (filing an answer without filing a verified claim does not comply with the Rule G(5)); *United States v. $10,000 in U.S. Currency*, 2008 WL 1944562, *4 (D. Neb. 2008) (striking answer of claimant who did not file a verified claim, explaining that the purpose of Rule G(5) is to inform the court that there is a claimant to the property who intends to defend it; only by filing a claim can a person put his ownership clearly in issue); *United States v. $11,918.00*, 2007 WL 3037307, *7 (E.D. Cal. 2007) (granting Rule G(8)(c) motion to strike answer for failure to comply with the pleading requirements in

5

Rule G(5) and entering default judgment; answer filed without a verified claim is "immaterial and impertinent"); *United States v. Approximately, $70,000 in U.S. Currency*, 2007 WL 2317136, *4 (E.D. Cal. 2007) (explaining that Rule G(8)(c) expressly provides for a motion to strike pleadings for failure to comply with the requirements in Rule G(5); because claimant filed an answer, but no claim, the Government's Rule G(8)(c) motion is granted).

As the above-cases illustrate, a claimant must adhere strictly with Supplemental Rule G to establish statutory standing:

> [A] claimant's failure to strictly adhere to supplemental Rule C(6) precludes the requisite statutory standing to contest a government forfeiture action.

*United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990) (discussing former Rule C, now Rule G(5)) (citation omitted); *see also United States v. Real Property Located at 1 Mile Up Hennessey Road,* 2010 WL 456922, *1 (E.D. Cal. Feb. 3, 2010) (noting difference between former Rule C(6) and Rule G(5)). *See also United States v. $5,730.00 in U.S. Currency*, 109 Fed. App'x 712, 713 (6th Cir. 2004) (upholding default judgment and dismissal of answer for lack of statutory standing).

In this action, the record before the Court is clear and undisputed. Despite receiving notice of the required time frame for filing a claim, Willis has failed to file a claim, the deadline for which is now overdue. Under these circumstances, Supplemental Rule G controls and requires Willis' motion be stricken.

Notwithstanding that Willis was served with the Notice of Complaint for Forfeiture (Doc. 2), Willis filed only a motion to dismiss. (Doc. 7) Thus, Willis failed to comply with Rule G(5)(b) such that the Court should strike Willis' motion under Rule G(8)(c)(A). *See United States v. $7,823.00 United States Currency*, No. 3:11-cv-00759, 2012 WL 664830 (M.D. Tenn. Feb. 29, 2012) (citing *$22,226.25 in Interbank FX Account*, 763 F. Supp. 2d at 948).

6

Case 3:14-cv-00320-CCS   Document 13   Filed 09/02/14   Page 6 of 7   PageID #: 48

## E.  CONCLUSION

Willis filed a motion on August 12, 2014.  Willis was placed on notice that he <u>must</u> file a verified claim by August 26, 2014.  Despite receiving that notice and the fact that more than 42 days have elapsed since the notice of Civil Forfeiture complaint was sent, Willis has not yet filed a claim as required by Supplemental Rule G(5).  Therefore, pursuant to Supplemental Rule G(8)(c), the motion should be stricken for failure to comply with Supplemental Rule G(5).

>     Respectfully submitted,
>
>     WILLIAM C. KILLIAN
>     United States Attorney
>
> By:   *s/Anne-Marie Svolto*
>     Anne-Marie Svolto (BPR No. 025716)
>     Assistant United States Attorney
>     800 Market Street, Suite 211
>     Knoxville, Tennessee 37902
>     (865) 545-4167
>     Anne-Marie.Svolto@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

>     *s/Anne-Marie Svolto*
>     Anne-Marie Svolto (BPR No. 025716)
>     Assistant United States Attorney

7

Case 3:14-cv-00320-CCS   Document 13   Filed 09/02/14   Page 7 of 7   PageID #: 49